# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAVID B. WHITE,
        Appellant,

v.

DEPARTMENT OF VETERANS
  AFFAIRS,
        Agency.

DOCKET NUMBER
DA-4324-15-0045-I-1

DATE: September 17, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David B. White, San Antonio, Texas, pro se.

Jeffrey Lee Linhart and Thomas Herpin, Esquire, Houston, Texas, for the
    agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

The appellant has filed a petition for review of the portion of the initial decision that dismissed his Uniformed Services Employment and Reemployment

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Rights Act of 1994 (USERRA) claim for lack of jurisdiction.[2]  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  We AFFIRM the initial decision as modified.  Specifically, we MODIFY the initial decision to find that the appellant established jurisdiction over his USERRA appeal but that the appellant failed to prove a USERRA violation.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The appellant, a preference eligible, timely applied for the positions of full-time Housekeeping Aid (vacancy announcement number VHA-671-1123346-14-OCA-GC) and part-time Housekeeping Aid (vacancy announcement number VHA-671-1123472-14-OCA-GC), both of which were open only to preference-eligible veterans.  *See* Initial Appeal File (IAF), Tab 5, Subtabs 4a-4b, 4*l*-4m.  In June 2014, the agency informed the appellant that he was ineligible to

---

[2] The administrative judge joined this USERRA appeal with another appeal brought under the Veterans Employment Opportunities Act (VEOA), MSPB Docket No. DA-3330-15-0044-I-1.  IAF, Tab 12.  Because only the administrative judge's finding that the appellant failed to prove a USERRA violation is before the Board on petition for review, we SEVER the two appeals.  This will allow the administrative judge's order of corrective action in the VEOA appeal to proceed independently from this USERRA appeal.

be considered for both positions because he did not meet the requirements of the "Who May Apply" section listed in the vacancy announcements. IAF, Tab 5, Subtab 4a at 2, Subtab 4c at 2. According to the appellant, upon receiving notice of his ineligibility, he faxed the agency a letter from the Department of Veterans Affairs (VA) showing that he had a service-connected disability rating between 10% and 30% and a Standard Form 15 (SF-15) Application for 10-Point Veteran Preference. IAF, Tab 20, Hearing Compact Disc (HCD) (testimony of appellant); *see* IAF, Tab 5, Subtab 4b at 2. He further testified that he then contacted the Human Resources (HR) office, and the HR specialist confirmed receipt of the documents.[3] HCD (testimony of the appellant). Due to a possible "administrative oversight," however, the HR specialist did not change the appellant's eligibility status, and he was not considered or selected for either position. HCD (testimony of HR specialist).

¶3      On October 2, 2014, the appellant filed a complaint with the Department of Labor (DOL), alleging that the agency violated his veterans' preference rights. *See* MSPB Docket No. DA-3330-15-0044-I-1, Initial Appeal File (0044 IAF), Tab 4. After DOL contacted the agency regarding the appellant's complaint, the HR specialist reviewed the appellant's application materials and determined that he was eligible for the positions. HCD (testimony of HR specialist). The agency made the appellant a tentative job offer for the full-time Housekeeping Aid position on or about October 29, 2014. *Id.*; 0044 IAF, Tab 10 at 5. He did not accept the tentative job offer, and, on December 31, 2014, the agency rescinded the offer. HCD (testimonies of appellant and HR specialist); 0044 IAF, Tab 16 at 4. According to the appellant, the agency also offered him a part-time position in January 2015, but he thought that it was "not suitable." 0044 IAF, Tab 19 at 7.

---

[3] Although the HR specialist testified at the hearing that she did not recall receiving the appellant's facsimile in June 2014, she did not dispute that the veterans' preference documents were received before the close of the vacancy announcements. HCD (testimony of HR specialist).

¶4  On October 15, 2014, DOL notified the appellant that it was closing his complaint.  0044 IAF, Tab 4.  He timely filed an appeal with the Board, alleging USERRA and VEOA violations based on the agency's failure to consider him for the part-time and full-time Housekeeping Aid positions.[4]  IAF, Tab 1.  After holding a hearing, the administrative judge issued an initial decision finding jurisdiction and granting corrective action under VEOA.  *Id*., Tab 21, Initial Decision (ID).  Regarding the appellant's claims under USERRA, the administrative judge found that the appellant failed to establish Board jurisdiction and, even if the Board did have jurisdiction, the appellant failed to establish a USERRA violation.  ID at 10-12.  The appellant has filed a petition for review, wherein he challenges only the administrative judge's finding that he failed to prove a USERRA violation.  Petition for Review (PFR) File, Tab 1.  The agency has not responded to the appellant's petition for review.

¶5  The Board has adopted, and the U.S. Court of Appeals for the Federal Circuit has endorsed, a "liberal approach in determining whether jurisdiction exists under USERRA."  *Beck v. Department of the Navy*, 120 M.S.P.R. 504, ¶ 8 (2014) (citing *Yates v. Merit Systems Protection Board*, 145 F.3d 1480, 1484 (Fed. Cir. 1998)).  Under this approach, the relative weakness of the specific factual allegations initially made by an appellant in his USERRA claim should not serve as the basis for dismissing the appeal for lack of jurisdiction; rather, if he fails to develop those allegations, his USERRA claim should be denied on the merits.  *Beck*, 120 M.S.P.R. 505, ¶ 8.  Thus, to establish jurisdiction over his USERRA claim, the appellant need only allege that:  (1) he served in the military; (2) he was denied initial employment, reemployment, retention in employment,

---

[4] The regional office docketed the claims separately as a USERRA appeal (MSPB Docket No. DA-4324-15-0045-I-1) and a VEOA appeal (MSPB Docket No. DA-3330-15-0044-I-1).  IAF, Tab 2.  On February 5, 2015, the administrative judge joined the appeals.  IAF, Tab 12.

promotion, or a benefit of employment; and (3) the denial was due to his service in the military. *Id.*

¶6        In this case, the appellant alleged that: (1) he had prior uniformed service; (2) the agency denied him employment in a position and denied him a benefit of employment when it rescinded the job offer; and (3) the denials were based on his status as a disabled veteran and his protected USERRA and VEOA activity. IAF, Tab 10. As noted above, the administrative judge found that the appellant failed to establish Board jurisdiction over his USERRA claim. ID at 11. However, in light of the liberal pleading standard applied in these cases, we find that the appellant's contentions are sufficient to establish jurisdiction over his USERRA appeal. *See Beck*, 120 M.S.P.R. 504, ¶ 8. Accordingly, we modify the initial decision.

¶7        Where an appellant has established Board jurisdiction over his USERRA appeal, he is entitled to the hearing that he requested to further develop the record regarding his USERRA claim. *Kirkendall v. Department of the Army*, 479 F.3d 830, 844-46 (Fed. Cir. 2007) (en banc). Here, although the administrative judge incorrectly found that the appellant failed to establish jurisdiction over his USERRA claim, she nonetheless held an evidentiary hearing on both the USERRA and VEOA claims and made an alternate finding on the merits of the USERRA claim. ID at 11-12. Thus, remand for a hearing is unnecessary, and we now review the initial decision's finding on the merits of the appellant's USERRA claim.

¶8        To prevail on the merits of a USERRA claim under 38 U.S.C. § 4311(a), an appellant must prove by preponderant evidence that his uniformed service was a substantial or motivating factor in the agency's action. *Burroughs v. Department of the Army*, 120 M.S.P.R. 392, ¶ 5 (2013). Discriminatory motivation under USERRA may be reasonably inferred from such circumstantial evidence as temporal proximity between the appellant's military activity and the adverse employment action, "inconsistencies between the proffered reason and other

actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the [individual's] military activity, and disparate treatment of certain [individuals] compared to other [individuals] with similar work records or offenses." *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001).  If the appellant meets his burden, the burden shifts to the agency to prove that legitimate reasons, standing alone, would have induced it to take the same action.  *Id*.  An agency therefore violates section 4311(a) if it would not have taken the action but for the appellant's uniformed service or obligation.  *Erickson v. U.S. Postal Service*, 571 F.3d 1364, 1368 (Fed. Cir. 2009).

¶9        As the administrative judge correctly pointed out, the appellant failed to provide any direct or indirect evidence to suggest that his nonselection was based on his uniformed service.  ID at 11.  Specifically, the appellant has failed to explain how his nonselection could have been motivated by his military service when the agency could only select preference-eligible veterans for these positions.  In light of the appellant's failure to articulate a viable theory of discrimination and his failure to provide any supporting evidence, below or on review, we agree with the administrative judge's finding that the appellant failed to meet his burden to show by preponderant evidence that his uniformed service was a motivating or substantial factor in his nonselection.  *See* ID at 11-12.

¶10       Further, we agree with the administrative judge that, insofar as the appellant alleged that the withdrawal of the job offer could be considered a loss of a "benefit of employment" under USERRA, he has not shown that the withdrawal was motivated by his uniformed service or USERRA activity.  ID at 12.  As noted by the administrative judge, the appellant did not provide any evidence to suggest that the agency's withdrawal of the job offer was motivated by his uniformed service or protected USERRA activity.  ID at 12.  The appellant also acknowledged that he declined the job offer because he wanted to pursue his Board appeal.  *Id.*; HCD (testimony of the appellant).  Moreover, although he

alleged that the rescission of the job offer was temporally proximate to his protected activity, IAF, Tab 10 at 5, it is undisputed that the appellant did not timely accept either the October 29, 2014 tentative offer or any subsequent offer and did not timely provide necessary documentation for the agency to begin the employment process, *see* ID at 12; HCD (testimonies of appellant and HR specialist). The agency's offer letter, issued on or about October 29, 2014, stated that the offer would be held open for 3 days. 0044 IAF, Tab 10 at 5; HCD (testimony of HR specialist). Nonetheless, the agency held open the position for about 2 months, until December 31, 2014, at which point it rescinded the offer because the appellant failed to submit the required documentation. *See* 0044 IAF, Tab 16 at 4; HCD (testimony of HR specialist). As such, even if the appellant could meet his initial burden of showing that his uniformed service or protected activity was a motivating factor in the agency's withdrawal of the job offer, the agency has met its burden to prove that it took the action for legitimate reasons.

¶11 We therefore find that, in the absence of any evidence below or on review that his uniformed service was a substantial or motivating factor in his nonselection or the denial of any benefit of employment, the appellant has failed to prove a violation of 38 U.S.C. § 4311(a). *See Burroughs*, 120 M.S.P.R. 392, ¶ 6 (finding that the appellant failed to meet his burden of proof under USERRA where he provided speculation, but no evidence, that his uniformed service was a substantial or motivating factor in his nonselection for a vacancy).

¶12 The initial decision in this appeal, MSPB Docket No. DA-4324-15-0045-I-1, as modified by this decision, is the final decision of the Board.[5] 5 C.F.R. § 1201.113(b).

---

[5] Because neither party has challenged the administrative judge's finding that the appellant is entitled to corrective action under VEOA, the initial decision in that appeal remains the Board's final decision. *See* MSPB Docket No. DA-3330-15-0044-I-1. The parties are reminded of the administrative judge's corrective action order in the VEOA appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal

Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.